**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| EMMA MENDOZA and MANUEL MENDOZA, Individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 4:19-cv-225 |
| v. | § § | |
| STORM TIGHT WINDOWS OF TEXAS, INC, | § § | |
| Defendant. | § § | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT**
**STORM TIGHT WINDOWS OF TEXAS, INC.; JURY DEMAND**

Defendant Storm Tight Windows of Texas, Inc., by and through its attorneys Gordon & Rees LLP, respectfully submits its answer and affirmative defenses to Plaintiffs' Class Action Complaint (Doc. No.1) ("Complaint"), and states as follows:

**NATURE OF THE ACTION**

1. Defendant acknowledges that Plaintiffs purport to bring this action against Defendant pursuant to the Telephone Consumer Protection Act, 42 U.S.C. § 227 ("TCPA"), but denies that Plaintiffs are entitled to damages or any other relief from Defendant, or have any valid claims against Defendant, and Defendant otherwise denies the remaining allegations of Paragraph 1 of the Complaint.

2. Defendant denies the allegations of Paragraph 2 of the Complaint.

3. Defendant denies the allegations of Paragraph 3 of the Complaint, and refers to the Rules and Regulations for the content thereof.

4. Defendant denies the allegations of Paragraph 4 of the Complaint.

1

5. Defendant denies that Plaintiffs are entitled to damages or any other relief from Defendant, or have any valid claims against Defendant, and Defendant otherwise denies the remaining allegations of Paragraph 5 of the Complaint.

## THE PARTIES

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Amended Complaint, and therefore denies same.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended Complaint, and therefore denies same.

8. Defendant admits the allegations of Paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9. Defendant admits that jurisdiction is proper, but it denies the allegations insofar as Plaintiffs allege or imply that Plaintiffs are entitled to any relief from Defendant, or that Plaintiffs have any valid claims against Defendant, and accordingly, Defendant denies any such allegations stated or implied in Paragraph 9 of the Complaint.

10. Defendant admits that jurisdiction is proper, but it denies the allegations insofar as Plaintiffs allege or imply that Plaintiffs are entitled to any relief from Defendant, or that Plaintiffs have any valid claims against Defendant, and accordingly, Defendant denies any such allegations stated or implied in Paragraph 10 of the Complaint.

11. Defendant admits that venue is proper, but it denies the allegations insofar as Plaintiffs allege or imply that Plaintiffs are entitled to any relief from Defendant, or that Plaintiffs have any valid claims against Defendant, and accordingly, Defendant denies any such allegations stated or implied in Paragraph 11 of the Complaint.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

12.Defendant admits that Congress enacted the TCPA in 1991. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the Complaint, and therefore denies same.

13.Paragraph 13 of the Complaint purports to set forth a statement of law that does not require a response. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.Paragraph 14 of the Complaint purports to set forth a statement of law that does not require a response. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.Defendant admits that in 2003, the Federal Communications Commission issued certain rules and regulations found at *In re Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*; 18 F.C.C. Rcd. 14014, 14115 ¶165 (2003). Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of the Complaint, and therefore denies same.

16.Paragraph 16 of the Complaint purports to set forth a statement of law that does not require a response. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.Paragraph 17 of the Complaint purports to set forth a statement of law that does not require a response. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint purports to set forth a statement of law that does not require a response. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint purports to set forth a statement of law that does not require a response. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint purports to set forth a statement of law that does not require a response. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint purports to set forth a statement of law that does not require a response. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint purports to set forth a statement of law that does not require a response. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint purports to set forth a statement of law that does not require a response. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint purports to set forth a statement of law that does not require a response. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 24 of the Complaint.

## FACTUAL ALLEGATIONS

25. Defendant admits the allegations of Paragraph 25 of the Complaint.

26. Defendant admits the allegations of Paragraph 26 of the Complaint.

27. Defendant denies the allegations of Paragraph 27 of the Complaint.

28. Defendant denies the allegations of Paragraph 28 of the Complaint.

29. Defendant denies the allegations of Paragraph 29 of the Complaint.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and therefore denies same.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, and therefore denies same.

32. Defendant denies the allegations of Paragraph 32 of the Complaint.

33. Defendant admits the allegation in Paragraph 33 of the Complaint that a call was placed to Plaintiff Emma Mendoza at 281-528-1159 on November 13, 2018 by a representative of Defendant. Defendant denies the allegation that the call was placed to Ms. Mendoza <u>before</u> the Defendant's representative was on the line, and to the extent Plaintiffs allege or infer that the call was made by an ATDS, Defendant denies such allegation. Defendant further denies that Ms. Mendoza requested, during the call, that "she be taken off the Defendant's marketing list", and further denies that Ms. Mendoza ever (on any occasion) requested that Defendant not call her.

34. Defendant admits that more than five (5) calls were placed to Plaintiff Emma Mendoza at 281-528-1159. Defendant denies the remainder of the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations of Paragraph 35 of the Complaint.

36. Defendant denies the allegations of Paragraph 36 of the Complaint.

37. Defendant denies the allegations of Paragraph 37 of the Complaint.

38. Defendant denies the allegations of Paragraph 38 of the Complaint.

39. Defendant denies the allegations of Paragraph 39 of the Complaint.

40. Defendant denies the allegations of Paragraph 40 of the Complaint.

41. Defendant denies the allegations of Paragraph 41 of the Complaint.

42. Defendant denies the allegations of Paragraph 42 of the Complaint.

43. Defendant denies the allegations of Paragraph 43 of the Complaint.

44. Defendant denies the allegations of Paragraph 44 of the Complaint.

45. Defendant denies that Plaintiffs are entitled to damages or any other relief from Defendant, and otherwise denies the remaining allegations of Paragraph 45 of the Complaint.

46. Defendant denies that Plaintiffs are entitled to damages or any other relief from Defendant, and otherwise denies the remaining allegations of Paragraph 46 of the Complaint.

## **CLASS ACTION ALLEGATIONS**

47. Defendant incorporates by reference the responses to the foregoing paragraphs, as if fully set forth herein.

48. Defendant admits only that Plaintiffs purport to bring this action on behalf of themselves and all others similarly situated, but denies that certification of the purported putative class is appropriate pursuant to Fed. R. Civ. P. 23., and further denies all allegations of fact concerning any wrongdoing. Answering further, Defendant denies the existence of a class.

49. Defendant admits only that Plaintiffs purport to bring this action on behalf of a putative classes of individuals, as defined in Paragraph 49 of the Complaint, but denies that certification of the purported class is appropriate pursuant to Fed. R. Civ. 23, and further denies all allegations of fact concerning any wrongdoing. Answering further, Defendant denies the existence of a class.

50. Defendant admits only that Plaintiffs purport to exclude certain persons from the putative classes of individuals identified in Paragraph 49 of the Complaint, and denies the remaining allegations of Paragraph 50 of the Complaint. Answering further, Defendant denies the existence of a class.

51. Defendant denies this matter is appropriate for class action treatment, and denies the allegations of Paragraph 51 of the Complaint.

52. Defendant denies this matter is appropriate for class action treatment, and denies the allegations of Paragraph 52 of the Complaint.

53. Defendant denies that Plaintiffs are entitled to damages or any other relief from Defendant, or have any valid claims against Defendant, and otherwise denies the allegations of Paragraph 53 of the Complaint.

54. Defendant denies that Plaintiffs are entitled to damages or any other relief from Defendant, or have any valid claims against Defendant, and otherwise denies the allegations of Paragraph 54 of the Complaint.

55. Defendant denies that Plaintiffs are entitled to damages or any other relief from Defendant, or have any valid claims against Defendant, and otherwise denies the allegations of Paragraph 55 of the Complaint.

56. Defendant denies that Plaintiffs are entitled to damages or any other relief from Defendant, or have any valid claims against Defendant, and otherwise denies the allegations of Paragraph 56 of the Complaint.

57. Defendant denies that Plaintiffs are entitled to damages or any other relief from Defendant, or have any valid claims against Defendant, and otherwise denies the allegations of Paragraph 57 of the Complaint.

58. Defendant denies that Plaintiffs are entitled to damages or any other relief from Defendant, or have any valid claims against Defendant, and otherwise denies the allegations of Paragraph 58 of the Complaint.

59. Defendant denies that Plaintiffs are entitled to damages or any other relief from Defendant, or have any valid claims against Defendant, and otherwise denies the allegations of Paragraph 59 of the Complaint.

60. Defendant denies that Plaintiffs are entitled to damages or any other relief from Defendant, or have any valid claims against Defendant, and otherwise denies the allegations of Paragraph 60 of the Complaint.

61. Defendant denies that Plaintiffs are entitled to damages or any other relief from Defendant, or have any valid claims against Defendant, and otherwise denies the allegations of Paragraph 61 of the Complaint.

62. Defendant denies that Plaintiffs are entitled to damages or any other relief from Defendant, or have any valid claims against Defendant, and otherwise denies the allegations of Paragraph 62 of the Complaint.

63. Defendant denies that Plaintiffs are entitled to damages or any other relief from Defendant, or have any valid claims against Defendant, and otherwise denies the allegations of Paragraph 63 of the Complaint.

64. Defendant denies that Plaintiffs are entitled to damages or any other relief from Defendant, or have any valid claims against Defendant, and otherwise denies the allegations of Paragraph 64 of the Complaint.

65. Defendant denies that Plaintiffs are entitled to damages or any other relief from Defendant, or have any valid claims against Defendant, and otherwise denies the allegations of Paragraph 65 of the Complaint.

66. Defendant denies that Plaintiffs are entitled to damages or any other relief from Defendant, or have any valid claims against Defendant, and otherwise denies the allegations of Paragraph 66 of the Complaint.

67. Defendant denies that Plaintiffs are entitled to damages or any other relief from Defendant, or have any valid claims against Defendant, and otherwise denies the allegations of Paragraph 67 of the Complaint.

68. Defendant denies that Plaintiffs are entitled to damages or any other relief from Defendant, or have any valid claims against Defendant, and otherwise denies the allegations of Paragraph 68 of the Complaint.

69. Defendant denies the allegations of Paragraph 69 of the Complaint.

## **CAUSES OF ACTION – COUNT I**

70. Defendant incorporates by reference the responses to the foregoing paragraphs, as if fully set forth herein.

71. Defendant denies the allegations of Paragraph 71 of the Complaint.

72. Defendant denies the allegations of Paragraph 72 of the Complaint.

73. Defendant denies the allegations of Paragraph 73 of the Complaint.

74. Defendant denies the allegations of Paragraph 74 of the Complaint.

## **CAUSES OF ACTION – COUNT II**

75. Defendant incorporates by reference the responses to the foregoing paragraphs, as if fully set forth herein.

76. Defendant denies the allegations of Paragraph 76 of the Complaint.

77. Defendant denies the allegations of Paragraph 77 of the Complaint.

78. Defendant denies the allegations of Paragraph 78 of the Complaint.

79. Defendant denies the allegations of Paragraph 79 of the Complaint.

## PRAYER FOR RELIEF

80. Defendant denies any wrongdoing and/or liability, and therefore denies that Plaintiffs are entitled to any relief, including the relief requested under the Prayer for Relief of the Complaint.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, Defendant hereby states as follows:

1. Plaintiffs lack standing to assert the claim asserted in the Complaint because Plaintiffs have not been harmed or suffered "injury in fact" by the alleged conduct at issue regardless of whether Plaintiffs seek only statutory damages. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). It would appear self-evident that the recipient of a cell phone call would first be required to demonstrate cognizable injury; that is, that Plaintiffs were both (1) charged, and (2) paid for the call. *See* 47 U.S.C. §227(b)(1)(A)(iii).

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred by the doctrine of unclean hands.

4. Plaintiffs are estopped from claiming any damages, if any, because they assisted, directed, ordered, approved and/or ratified Defendant's conduct.

5. Plaintiffs' claims are barred, in whole or in part, because at all times Plaintiffs and one or more of the purported members of the putative class expressly or impliedly consented to Defendant's conduct as described in Plaintiffs' Complaint including, but not limited to, by

providing their cellular telephone numbers to Defendant as contact numbers.

6. Plaintiffs failed to take any reasonable steps to mitigate, alter, reduce, or otherwise diminish their alleged damages, and accordingly, are barred from recovery of any damages that might have been prevented by such mitigation.

7. To the extent that the Complaint seeks putative class damages, the aggregated statutory damages, if any, may result in potential ruinous liability for Defendant and may constitute excessive fines in violation of the Eighth Amendment to the United States Constitution.

8. Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under the TCPA. 47 U.S.C. § 227(C)(5).

9. Plaintiffs' claims are barred, in whole or in part, because calls, if any, were made with consent.

10. Plaintiffs' claims are barred, in whole or in part, because calls, if any, made to a cellular telephone were made manually.

WHEREFORE, Defendant Storm Tight Windows of Texas, Inc. denies that Plaintiffs are entitled to judgment against it, and requests that this Court dismiss this case with prejudice, and grant Defendant such further relief as the Court deems just and equitable, including recovery of attorneys' fees and costs.

## **JURY DEMAND**

Storm Tight Windows of Texas, Inc. demands trial by a jury on all issues so triable.


Dated: February 13, 2019.

Respectfully submitted,

 /s/ Glenn R. LeMay
Glenn R. LeMay
State Bar No. 12188690
SD TX No. 10618
Joseph W. DiCecco
State Bar No. 05812520
Andrew M. Scott
State Bar No. 24075042
GORDON & REES LLP
1900 West Loop South, Suite 1000
Houston, Texas 77027
(713) 961-3366 – Telephone
(713) 961-3938 – Facsimile
glemay@grsm.com
jdicecco@grsm.com
ascott@grsm.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was duly served upon all Counsel of record via electronic service, in accordance with the Federal Rules of Civil Procedure, on February 13, 2019.

  /s/ Glenn R. LeMay
GLENN R. LEMAY